CARR, J.
As to the case of Tate v. Lig-gat & Matthews, I concur with my brother Green, that the chancellor had no jurisdiction of any part of the case, and ought to have dismissed the bill intirely.
As to the other case, Liggat & Matthews v. Morgan, I think the marshal should have been a party, as the interest of Deison vested in him, by the act of insolvency: this can be provided for, when the case goes back. I think Liggat & Matthews have a preference over Morgan, on this ground, that by the agreement of July and the deed of October 1821, Settle contracted for, and the deed conveyed, only the excess after the satisfaction of the debt due the bank, and the debt due Tate; and though the debt of Tate should turn out to be simulated (a point yet to be tried), that cannot enlarge the operation of the deed. My decision rests on this ground alone. As to the general question, viz. if A. makes a fraudulent conveyance to B. and then a conveyance of the same property to secure C. a fair creditor, and D. subsequently gets a judgment against A. which of these two creditors shall be preferred? this question I do not decide. It is very important: it is new with us: it is not necessary *to the decision of this case. I think, therefore, we had better hold it open for the present.
COALTER and CABELL, J., also said, that they concurred in the result, but thought it unnecessary to decide the general question, stated by Carr, J., and therefore they gave no opinion upon it.
After these opinions had been announced, a question arose, in the case of Tate v. Liggat & Matthews, Whether the decree ought not to be reversed in omnibus? that is, not only that part of it, which affected the appellant Tate, by declaring the deeds he claimed under fraudulent and void, and setting them aside, so far as they provided for him, but that part of it also, which decreed to Liggat & Matthews against Deison (who did not appeal) the debt he owed them.
Stanard said, it was plain, and the whole court had so decided, that the chancellor had no jurisdiction to entertain the bill for any purpose whatever. He had no jurisdiction to give a judgment against Deison for debt. The judgment was a mere nullity. Should a judgment rendered by a court without jurisdiction, be allowed to . stand, and to avail the creditor, exactly to the same extent as a judgment rendered by a court of competent jurisdiction? and this, in a contest between him and other creditors? Again, the decree was one and intire: the costs are given against Deison and Tate jointly. He referred to the case of Lewis v. Thornton, 6 Munf. 87, 97, in which on an appeal from a decree taken by some of the parties, the court corrected the decree as to parties who did not unite in the appeal.
Johnson answered, that the appellant Tate had no manner of interest in the decree for the debt against Deison, who had acquiesced in it, and it had been executed. As to the argument, that the chancellor had no jurisdiction to make such a decree, an erroneous judgment of the chancellor on a question of jurisdiction, could no more be reviewed and '^'corrected by this court, without its being brought hither by appeal, than a judgment on any other point; and none but the party aggrieved could appeal.
PER CURIAM. That part of the decree •which adjudges the debt to Liggat & Matthews against Deison, cannot be reversed. The appellant Tate has no interest whatever *272 involved, in that part of the decree, he is nowise aggrieved by it, he has no right to complain of or to appeal from it, any more than if it had been a judgment at law in an action on the bond against Deison alone. If the court of chancery had dismissed the bill wholly as to Tate, on the'ground that it had no jurisdiction as to him, it could not have concerned him at all, whether the court had jurisdiction as against Deison, or whether he was a debtor, or whether a decree should be given against him for the debt, or whether Deison should appeal from such a decree, or not. As Tate could not appeal from the decree against Deison, he could not compel Deison to appeal from it: Deison has acquiesced. Neither did Tate appeal from this part of the decree: he was only held to security for costs; whereas if it had been competent to Tate to appeal from the decree as it affected Deison, and he had done so, or if Deison had appealed from it, security must have been required in the appeal bond, to the full extent of the debt decreed against Deison. The court cannot, upon this appeal, judicially take notice that there was any subsequent suit between the parties; it can only know, that a subsequent suit might be founded on the decree against Deison, as it might be on a judgment at law against him. That the decree is against Deison and Tate, jointly, for the costs, is not material to the point: the costs are wholly separate and distinct from the body and matter of the decree; and Tate can receive no injury from the decree for costs, for as to him we reverse that and every other part of the decree. The case of Lewis v. Thornton is not in point. There, the parties appealing, and the parties not appealing, all stood on the same ground, and their rights were involved *in the same question and equally affected by the decree. That too was an interlocutory decree, all the parties were still in court, and any errors could be corrected by the chancellor when the cause got back; and it is not unusual for this court, in its decrees in cases of that kind, to call the chancellor’s attention to omissions or errors that he may supply or correct them. And that was what was done in Lewis v. Thornton: the court said, “according to these principles, the decree in question ought not to prejudice the purchasers under P..and T. R. Rootes; and although they have not appealed from the interlocutory decree in this case, yet these principles will equally apply to them, when a final decree shall be pronounced.” The present is a very different case. The two parties, Tate and Deison, stood on distinct and unconnected grounds: the decree is final: and it was executed by a ca. sa. against the one, before the appeal was taken by the other.